**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| JASON SCHUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:23-CV-65-DCLC-CHS |
| | ) | |
| LINCOLN COUNTY, | ) | |
| LINCOLN COUNTY JAIL, | ) | |
| LINCOLN COUNTY SHERIFF DEPT., | ) | |
| SHERIFF MURRAY BLACKWELDER, | ) | |
| SANDY METCALF, | ) | |
| JIM BALDWIN, and | ) | |
| VICKY ASLOV, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is a self-represented prisoner proceeding *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 that was transferred to this District by the United States District Court for the Middle District of Tennessee [Docs. 2, 4]. Plaintiff's complaint is now before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. For the reasons set forth below, Defendants Lincoln County Jail and Lincoln County Sheriff Department will be **DISMISSED**; the individual-capacity claims against Defendants Blackwelder, Baldwin and Aslov will be **DISMISSED**; and Plaintiff's claims will **PROCEED** against Defendant Lincoln County, all Defendants in their official capacities, and against Defendant Sandy Metcalf individually.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.    ALLEGATIONS OF COMPLAINT

Plaintiff broke his right leg on December 9, 2022 [Doc. 1 p. 5]. Plaintiff was transported to the Lincoln County Jail's medical department and then "transported to Vanderbilt Hospital for emergency surgery" [*Id*. at 5]. But Defendant Sandy Metcalf "talked them into not doing the

2

surgery" so that the Lincoln County Sheriff's Department would not bear the cost [*Id*.]. Officers took Plaintiff back to the Lincoln County Jail and placed him in a holding cell without his prescribed pain medication [*Id*.]. On December 12, 2022, Plaintiff was transported to the Lois DeBerry Special Needs Facility [*Id*.]. Plaintiff still has not received surgery [*Id*.].

Because Plaintiff did not receive timely surgery, he maintains that he will have to have his knee replaced, his leg rebroken, and bone grafting done [*Id*.]. He also claims that he is no longer capable of doing construction and remodeling work due to the surgery delay, which has rendered him disabled [*Id*.]. Aggrieved, Plaintiff seeks monetary damages of at least $1 million against Defendants Lincoln County, Lincoln County Jail, Lincoln County Sheriff's Department, Sheriff Murray Blackwelder, Sandy Metcalf, Jail Administrator Jim Baldwin, and Jail Assistant Administrator Vicky Aslov [*Id*. at 5, 12–13].

## III.    ANALYSIS

Plaintiff cannot maintain suit against the Lincoln County Jail or the Lincoln County Sheriff's Office, as these are not entities subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Therefore, these Defendants will be **DISMISSED**.

Lincoln County, however, is a suable entity, but only where Plaintiff's constitutional rights were violated due to an official policy or established custom of the County. *See Monell v. Dep't*

3

*of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Here, Plaintiff alleges that he was denied necessary surgery because Lincoln County did not want to pay for it, and that he was thereafter denied his prescribed pain medication [*See* Doc. 1 p. 5]. And a prisoner's right to medical care is violated when a Defendant meets an objectively serious medical need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). The Court finds Plaintiff's allegations sufficient to state a plausible claim that Lincoln County had a custom or policy of denying necessary surgical procedures and/or prescription medication for monetary reasons, and Plaintiff's claim will **PROCEED** against Lincoln County and against Defendants in their official capacities.[1]

This leaves Plaintiff's claims against Defendants Blackwelder, Metcalf, Baldwin, and Aslov in their individual capacities. To state a viable claim under § 1983 against an individual Defendant, Plaintiff must allege that through their "own individual actions" each Defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). Plaintiff's complaint contains no factual allegations against Defendants Blackwelder, Baldwin, or Aslov. Accordingly, Plaintiff has failed

---

[1] The Court notes that suit against the individual Defendants in their official capacities is redundant to the claim against Lincoln County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Monell*, 436 U.S. at 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But "the Sixth Circuit has never required the courts in this Circuit to dismiss official capacity claims on the basis of redundancy[,]" and the Court will not do so here. *Doe No. 1 v. Springboro Cmty. City Sch. Dist. Bd. of Educ.*, No. 1:19-CV-785, 2021 WL 1516157, at *3 (S.D. Ohio Apr. 15, 2021) (collecting cases).

4

to state a claim against these Defendants, and his claims against them individually will be **DISMISSED**.

Conversely, Plaintiff alleges that Defendant Sandy Metcalf "talked" Vanderbilt into denying Plaintiff surgery, even though Plaintiff was transported to Vanderbilt Hospital in an emergency status [Doc. 1 p. 5]. As unlikely as it seems to the Court that medical professionals at Vanderbilt would deny a patient a necessary surgery based off of the opinion of a Lincoln County employee, the allegation is not so wholly incredible as to warrant dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."). Therefore, the Court will permit Plaintiff's claims to **PROCEED** against Defendant Sandy Metcalf individually.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claims will **PROCEED** against Defendant Lincoln County, all Defendants in their official capacities, and against Defendant Sandy Metcalf individually;

2. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Lincoln County, Sheriff Blackwelder, Sandy Metcalf, Jim Baldwin, and Vicky Aslov;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

4. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

6. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him or her;

7.    All other claims and Defendants are hereby **DISMISSED**; and

8.    Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**


s/Clifton L. Corker
United States District Judge