## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

JASON SCHUTT,                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )       No.:    4:23-CV-65-DCLC-CHS
                                 )
LINCOLN COUNTY, et al.           )
                                 )
            Defendants.          )

## MEMORANDUM OPINION

Defendants Lincoln County, Tennessee, and Sandy Metcalf filed a motion to dismiss this pro se prisoner's civil rights action filed under 42 U.S.C. § 1983 [Doc. 16], and Plaintiff has responded in opposition to the motion [Doc. 19]. Upon due consideration of the parties' pleadings and the applicable law, the Court finds Defendants' motion should be **GRANTED** and this action **DISMISSED WITHOUT PREJUDICE**.

## I.      BACKGROUND

In his complaint, Plaintiff maintains that he broke his leg on December 9, 2022, while incarcerated in the Lincoln County Jail [Doc. 1 p. 5]. He was ultimately transported to Vanderbilt University Medical Center, where he contends Defendant Sandy Metcalf "talked [the physicians] into not doing the surgery" for cost-saving measures [*Id*.]. On December 12, 2022, Plaintiff was transported to the Lois DeBerry Special Needs Facility, where he remains housed [*Id*.]. Plaintiff still has not received surgery [*Id*.]. Plaintiff states that while both the Lincoln County Jail and the Lois DeBerry Special Needs Facility have grievance procedures, he did not file a grievance because he "was transported out of the jail [and] wasn't able to file" a grievance [*Id*. at 6, 8].

Defendants have moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit [Doc. 16].

## II.   MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.  When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

## III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the

2

administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

Failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nonetheless, where it is apparent from the face of the complaint that an inmate has failed to exhaust the relevant prison grievance procedure, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 215-16.

However, in some limited circumstances, an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 643-44 (2016). These circumstances include (1) when there is no possibility for relief through use of the procedure; (2) when the rules are so confusing as to render them essentially unknowable; and (3) when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In the body of his complaint, Plaintiff acknowledges that the Lincoln County Jail has a grievance procedure that he did not pursue, but he maintains that he was unable to file a grievance because he "was transported out of the jail" and transferred to the Lois DeBerry Special Needs Facility [Doc. 1 p. 5-7]. And in response to Defendants' motion, Plaintiff states "the grievance process was not available to [him] at the Lincoln County Jail" because he (1) asked an officer,

3

with unsuccessful results, to get him "a grievance paper" when he returned to the jail from the hospital and (2) "also asked Officer Angel to get [him] a grievance form and never got it" [Doc. 19]. However, in Plaintiff's complaint, he admits that both the Lincoln County Jail and the Lois DeBerry Special Needs Facility had grievance procedures accessible to inmates [Doc. 1 p. 6]. And Plaintiff was required to make some attempt to exhaust his administrative remedies even after his transfer to the Lois DeBerry Special Needs Facility. *See Napier v. Laurel Cnty. Ky.*, 636 F.3d 218, 223-24 (6th Cir. 2011); *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 177 (2d Cir. 2006) (holding transfer from one jail to another does not excuse obligation to exhaust remedies unless new facility has no procedures for filing an administrative grievance). Plaintiff's complaint admits that he failed to do so. Accordingly, Defendants are entitled to be dismissed from this action for want of exhaustion under 42 U.S.C. § 1997e.

IV.     **CONCLUSION**

For the reasons set forth above, Defendants motion to dismiss [Doc. 16] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to file an appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**


                                        s/Clifton L. Corker
                                        United States District Judge

4

5